FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ JUN 29 2011 ★

BROOKLYN OFFICE

NOT FOR PUBLICATION
C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CALVIN S. WEDINGTON,

                Petitioner,

  -against-

FEDERAL BUREAU OF PRISONS,

                Respondent.
----------------------------------------------------------X

**MEMORANDUM**
**DECISION AND ORDER**

11-CV-3067 (BMC)

**COGAN**, District Judge:

    Petitioner Calvin S. Wedington, appearing *pro se* and detained at the Federal Medical Center in Rochester, Minnesota, petitions this Court alleging that he is being held unlawfully. In 1982, petitioner was sentenced to life imprisonment before the United States District Court for the District of Maryland. See United States v. Wedington, CR-82-86-K (D. Md.). Petitioner's challenge to his conviction under 28 U.S.C. § 2255 was denied in that district. See Wedington v. United States, No. 90-cv-2766 (D. Md. 1990); see also Wedington v. United States, No. 11-cv-1324, at *1 n.1 (D. Md. May 27, 2011) (non-exhaustive list of petitioner's challenges to his conviction).

    Petitioner has filed over 40 prisoner's rights actions in that district. Nine of those actions were transferred to other districts: one to the Middle District of North Carolina, two to the Eastern District of North Carolina, four to the Eastern District of Missouri, one to the Central District of California, and one to the District of Minnesota. Petitioner was ultimately adjudicated a "three strikes" serial filer under 28 U.S.C. § 1915(g), see Wellington v. State of

Maryland, No. 97-cv-03371 (D. Md. Oct. 10, 1997), and therefore disentitled from filing further proceedings except upon payment of the filing fee in full or in the event of an emergency.

Sections 2255 and 2241 of Title 28 of the United States Code do not provide this Court with jurisdiction to vacate a federal sentence entered in another district court or to challenge petitioner's detention if the petitioner is not detained within this district. Although I could transfer this action to the District of Minnesota, where petitioner is being held, I will not burden that court with another frivolous filing. Petitioner has already filed five actions there and, as noted above, the District of Maryland has already found him to be disqualified from proceeding *in forma pauperis.*

Most importantly, the petition here is frivolous. His first point of error is that petitioner was "released February 20, 1993 by Judge Frank Kaufman before he died and court was rebuilted from an explosion of implosion." The District of Maryland docket reflects just the opposite regarding his relief. His second and third grounds are that petitioner's plane crashed in Japan while landing in Okinawa and that after the crash, petitioner brought Saddam Hussein before a federal judge and when the judge "told [him] the U.S. didn't want Hussein ... [he] flew him back to Iraq."

Accordingly, the motion for *in forma pauperis* status is denied and the petition is dismissed. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability shall not issue. See 28 U.S.C. § 2253. The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is directed to

2

accept no more filings from petitioner unless he pays the filing fee in full or a judge of this Court certifies that the filing fee can be waived consistent with 28 U.S.C. §1915(g).

**SO ORDERED.**

U.S.D.J.

Dated: Brooklyn, New York
      June 29, 2011